Eric G. Maurer (GA Bar # 478199)
*(pro hac vice forthcoming)*
Email: e.maurer@thip.law
Cynthia J. Lee (GA Bar # 442999)
*(pro hac vice forthcoming)*
Email: c.lee@thip.law
**THOMAS | HORSTEMEYER, LLP**
3200 Windy Hill Road, Suite 1600E
Atlanta, Georgia 30339
Telephone: 770-933-9500
Fax: 770-951-0933

J. Mark Holland (CA Bar No. 140453)
Email: mholland@jmhlaw.com
**J. MARK HOLLAND & ASSOCIATES**
a Professional Law Corporation
19800 MacArthur Boulevard, Suite 300
Irvine, CA 92612
Telephone:  (949) 718-6750
Facsimile:  (949) 718-6756

*Counsel for Plaintiff Danco, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| DANCO, INC. a Delaware corporation,<br>    Plaintiff,<br><br>v.<br><br>KINGSTON BRASS, INC., a California corporation,<br>    Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

   Plaintiff Danco, Inc. ("Danco"), by and through its undersigned attorneys, files this Complaint for Patent Infringement against Defendant Kingston Brass, Inc. ("Kingston"), and in support thereof alleges as follows:

### NATURE AND BASIS OF THE ACTION

   1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.  Danco seeks damages and recovery of its

reasonable costs and attorneys' fees.

2.  Plaintiff Danco is one of the largest plumbing repair, replacement, and remodel suppliers in the home improvement industry.  Danco offers for sale its innovative plumbing solutions through various nationwide retailers, such as Home Depot, Lowe's, and Menards.

3.  Danco's history of innovation in the plumbing industry and innovative plumbing solutions have resulted in the issuance of dozens of patents on its industry-leading, consumer-driven patented solutions, including, but not limited to, the universal tub and shower trim kit disclosed in U.S. Patent No. 9,051,720 ("the '720 Patent").  A true and correct copy of the '720 Patent is attached hereto as Exhibit A.

4.  Danco offers for sale and sells a number of tub and shower universal trim kits that practice one or more claims of the '720 Patent, such as the "Danco Tub/Shower Trim Kit for Moen®" and "Danco Tub/Shower Trim Kit for Delta®," each in a variety of finishes.

5.  Pursuant to 35 U.S.C. § 287(a), Danco has continuously and systematically marked its universal tub/shower trim kits that practice one or more claims of the '720 Patent with the marking "U.S. PAT. No. 9,051,720" and/or virtual patent marking on the packaging for said kits from 2016 through the present time.

6.  Kingston is a manufacturer, supplier, seller, and/or distributor of plumbing and repair products.

**COMPLAINT**
**FOR PATENT INFRINGEMENT**                    Civ. Action No. _____

2

7.   Kingston has made and continues to make, has used and continues to use, has offered for sale and continues to offer, and has sold and continues to sell various universal tub and shower trim kits for Moen® and Delta® tub/shower faucets under at least its "Shower Scape" product line, such as, for example, the "Shower Scape Universal Tub and Shower Trim Kit" in a variety of finishes ("the Accused Products"), as discussed in more detail below.

8.   The Accused Products have been and continue to be offered for sale and sold in the United States by Kingston and through various retailers and/or distributors, including nationwide retailers and websites such as Amazon and Wayfair.

9.   By making, using, offering for sale, selling, and/or importing the Accused Products, Kingston has infringed and continues to infringe one or more claims of the '720 Patent.   As a consequence of Kingston's infringement, Danco seeks a preliminary injunction, a permanent injunction, and monetary damages with respect to sales of the Accused Products.  Moreover, Danco respectfully submits that, upon information and belief, the present case is exceptional and Danco is entitled to enhanced damages against Kingston and an award of its reasonable attorneys' fees and costs.

## THE PARTIES

10. Plaintiff Danco, Inc. is a Delaware corporation having its principal place

**COMPLAINT**
**FOR PATENT INFRINGEMENT**                    Civ. Action No. _____

of business at 2727 Chemsearch Boulevard, Irving, Texas 75062.

11. Upon information and belief, Defendant Kingston Brass, Inc., is a California corporation having a regular and established place of business at 12775 Reservoir St., Chino, California 91710.  Upon further information and belief, Kingston may be served by serving its Registered Agent Frieda Lin at its registered address of 16407 Swiftwing Ct., Chino Hills, California 91709.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

13. This Court has personal jurisdiction over Kingston by virtue of the fact that Kingston resides in this District and Division, has transacted business in this District and Division, has derived substantial revenue from goods offered for sale and/or sold in this District and Division, and/or has established sufficient minimum contacts with the State of California such that it is subject to the personal jurisdiction of this Court.  Personal jurisdiction in California over Kingston is also consistent with the requirements of due process.

14. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Kingston resides in this District and Division, has a regular and established

**COMPLAINT**
**FOR PATENT INFRINGEMENT**                                    Civ. Action No. _____

place of business in this District and Division located at 12775 Reservoir St., Chino, California 91710, has committed acts of infringement in this District and Division, and a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.

## DANCO AND ITS PATENT RIGHTS

15. Danco has invested a substantial amount of time and resources designing, developing, and bringing new and innovative products in the plumbing industry.

16. Danco has designed and developed a wide range of new and innovative plumbing connector products, including a number of innovative tub/shower trim kits. Specifically, Danco research and development staff designed and developed a number of innovative tub/shower trim kits that allow for the replacement of existing tub/shower trim without replacing the valve. Danco designed compatibility features into its trim kits to fit a variety of Moen® and Delta® tub/shower faucets, respectively, with a single universal trim kit.

17. As a result of these efforts, Danco has been granted a U.S. patent on its innovative trim kits – the '720 Patent.

18. The '720 Patent, entitled "Universal Trim Kit," was filed on April 1, 2009, and was duly and legally issued by the United States Patent and Trademark Office ("PTO") on June 9, 2015. See Exhibit A.

19. Danco has commercialized one or more of the innovative designs

**COMPLAINT**
**FOR PATENT INFRINGEMENT**                    Civ. Action No. _____

disclosed in the '720 Patent in various of its tub/shower trim kits, such as the "Danco Tub/Shower Trim Kit for Moen®" and "Danco Tub/Shower Trim Kit for Delta®," each in a variety of finishes.

20. Pursuant to 35 U.S.C. § 287(a), Danco has continuously and systematically marked its universal tub/shower trim kits that practice one or more claims of the '720 Patent with the marking "U.S. PAT. No. 9,051,720" and/or virtual patent marking on the packaging for said kits from 2016 through the present time.

21. Danco is the owner by assignment of all right, title, and interest in and to the '720 Patent, including the right to make, use, offer for sale, sell, or import patented products and to enforce the '720 Patent.

## KINGSTON'S INFRINGING CONDUCT

22. Kingston has made and continues to make, has used and continues to use, has offered for sale and continues to offer for sale, and has sold and continues to sell various universal tub and shower trim kits for Moen® and Delta® tub/shower faucets under at least its "Shower Scape" brand, such as, for example, the "Shower Scape Universal Tub and Shower Trim Kit" in a variety of finishes ("the Accused Products") that include at least Model Nos. KT698DT, KT697DT, KT695DT, KT690DT, KT698MT, KT697MT, KT695MT, and KT690MT, among other Kingston trim kits.

23. The Kingston Accused Products have been made available for retail sale

**COMPLAINT**
**FOR PATENT INFRINGEMENT**

Civ. Action No. _____

6

by Kingston and/or through various nationwide retailers, such as, for example, Amazon, Build.com, Faucet.com, Faucetdirect.com, Supreme Kitchen and Bath, and Wayfair.

24. Upon information and belief, Kingston has known of and has had actual knowledge of the '720 Patent or that Danco's universal tub/shower kits for Moen® and Delta® tub/shower faucets were marked with or practiced the claims of the '720 Patent.

25. As discussed in more detail below, the Kingston Accused Products have infringed and continue to infringe, directly and indirectly, at least claim 2 of the '720 Patent by Kingston's making, using, importing, selling, and/or offering to sell the Accused Products within the United States and without authority in violation of 35 U.S.C. §§ 271(a)-(c).

26. Kingston has directly infringed and continues to directly infringe, literally or under the doctrine of equivalents, at least claim 2 of the '720 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

27. Kingston has indirectly infringed and continues to indirectly infringe at least claim 2 of the '720 Patent within the United States by inducement under 35 U.S.C. § 271(b). For example, Kingston has knowingly and intentionally induced users of the Accused Products to directly infringe at least claim 2 of the '720 Patent,

**COMPLAINT**
**FOR PATENT INFRINGEMENT**

Civ. Action No. _____

7

inter alia, by i) providing installation instructions on how to install and use the Accused Products in an infringing manner, and ii) directing and encouraging the actions of employees, distributors, and customers to directly infringe.

28. Kingston has indirectly infringed and continues to infringe at least claim 2 of the '720 Patent by contributing to the direct infringement of end users under 35 U.S.C. § 271(c) by providing the Accused Products, which were especially made for and used in a manner that infringed at least claim 1 the '720 Patent, and that had no substantial non-infringing use.

29. By such acts, Kingston has injured Danco and is thus liable to Danco for infringement of the '720 Patent pursuant to 35 U.S.C. § 271.

## COUNT I – DIRECT INFRINGEMENT OF THE '720 PATENT BY KINGSTON

30. Danco incorporates and re-alleges the allegations contained in Paragraphs 1 through 29 above as if fully set forth herein.

31. Kingston has directly infringed and continues to infringe, literally or under the doctrine of equivalents, at least claim 2 of the '720 Patent by, without authority, making, using, importing, selling, or offering to sell the Accused Products within the United States in violation of 35 U.S.C. § 271(a).

32. An exemplary preliminary claim chart showing infringement of claim 2 of the '720 Patent by each of an exemplary "Shower Scape Universal Tub and

**COMPLAINT**
**FOR PATENT INFRINGEMENT**

Civ. Action No. _____

8

Shower Trim Kit" product for Delta and Moen faucets, respectively, is attached hereto as Exhibits B and C.

33. For example, a summary of Kingston's infringement of claim 2 of the '720 Patent is provided as follows:

  a. <u>Limitation 1</u>: The Accused Products include a universal trim kit comprising an escutcheon and a plurality of interchangeable inserts each comprising a valve opening;

  b. <u>Limitation 2</u>: The interchangeable inserts in the Accused Products have at least one valve opening sized or shaped differently from at least one other valve opening;

  c. <u>Limitation 3</u>: At least two of the interchangeable inserts in the Accused Products have two spaced-apart first fastener holes alignable with holes on the bathtub or shower valve so that the insert may be secured to the valve; and

  d. <u>Limitation 4</u>: The two spaced-apart first fastener holes on at least one of the interchangeable inserts are disposed in locations different from the two spaced-apart first fastener holes on at least one other interchangeable insert, so that the first fastener holes on each interchangeable insert are alignable with the holes on the bathtub or shower valve that fits with the size and shape of the valve opening in such interchangeable insert.

**COMPLAINT**
**FOR PATENT INFRINGEMENT**    Civ. Action No. _____

Accordingly, Kingston's Accused Products directly infringe at least claim 2 of the '720 Patent in violation of 35 U.S.C. § 271(a).

34. As a result of Kingston's infringement of the '720 Patent, Danco has been damaged by Kingston's unlawful conduct. Danco is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Kingston's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

35. Kingston's infringement of the '720 Patent has injured and continues to injure Danco and will cause irreparable harm unless Kingston is enjoined from infringing the claims of the '720 Patent. Accordingly, Danco is entitled to temporary, preliminary, and/or permanent injunctive relief against Kingston from further infringement pursuant to 35 U.S.C. § 283.

36. Upon information and belief, Kingston's infringement of the '720 Patent has been deliberate, willful, which warrants an award of treble damages and attorneys' fees to Danco pursuant to 28 U.S.C. §§ 284 & 285.

## COUNT II – INDUCED INFRINGEMENT OF THE '720 PATENT

37. Danco incorporates and re-alleges the allegations contained in Paragraphs 1 through 36 above as if fully set forth herein.

38. Upon information and belief, since at least as early as 2016, Kingston has known of and has had actual knowledge of the '720 Patent.

**COMPLAINT**
**FOR PATENT INFRINGEMENT**

Civ. Action No. _____

39. Kingston directed, instructed, and encouraged its employees, distributors, and/or customers to make, install and/or use the Accused Products in an infringing manner in its product packaging and product advertising, by providing support and technical assistance, and by providing installation instructions or instructional materials, among other acts.

40. When the Accused Products were used by Kingston's employees, distributors, and customers in the manner instructed and directed by Kingston, Kingston's employees, distributors, and customers directly infringed at least claim 2 of the '720 patent, as set forth above.

41. Accordingly, Kingston indirectly infringed the '720 patent by inducing infringement of the '720 patent, pursuant to 35 U.S.C. § 271(b).

42. As a result of Kingston's infringement of the '720 Patent, Danco has been damaged by Kingston's unlawful conduct. Danco is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Kingston's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

43. Kingston's infringement of the '720 Patent has injured and continues to injure Danco and will cause irreparable harm unless Kingston is enjoined from infringing the claims of the '720 Patent.  Accordingly, Danco is entitled to temporary, preliminary, and/or permanent injunctive relief against Kingston from

**COMPLAINT**
**FOR PATENT INFRINGEMENT**

Civ. Action No. _____

11

further infringement pursuant to 35 U.S.C. § 283.

44. Upon information and belief, Kingston's past and continued infringement of the '720 Patent has been deliberate, willful, which warrants an award of treble damages and attorneys' fees to Danco pursuant to 28 U.S.C. §§ 284 & 285.

## COUNT III – CONTRIBUTORY INFRINGEMENT OF THE '720 PATENT

45. Danco incorporates and re-alleges the allegations contained in Paragraphs l through 44 above as if fully set forth herein.

46. Since at least as early as 2016, Kingston has known of and has had actual knowledge of the '720 Patent.

47. Kingston has provided its distributors and customers with the Accused Products, which are essential to practice the invention of the '720 Patent.

48. Kingston was aware that the Accused Products were especially made for or adapted for use in a manner that infringed at least claim 2 of the '720 Patent.

49. Kingston was aware that the Accused Products were not a staple article or commodity of commerce suitable for substantial non-infringing use, and had no substantial non-infringing use, in that the Accused Products could only be used in a manner that infringed the '720 Patent.

50. When the Accused Products are used by Kingston's distributors and customers, the Accused Products directly infringe at least claim 2 of the '720 Patent, as set forth above.

**COMPLAINT**
**FOR PATENT INFRINGEMENT**                    Civ. Action No. _____

51. Accordingly, Kingston has indirectly infringed the '720 patent by contributing to infringement of the '720 patent, pursuant to 35 U.S.C. § 27l(c).

52. As a result of Kingston's infringement of the '720 Patent, Danco has been damaged by Kingston's unlawful conduct. Danco is entitled to recover damages pursuant to 28 U.S.C. § 284 adequate to compensate it for Kingston's infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

53. Kingston's infringement of the '720 Patent has injured and continues to injure Danco and will cause irreparable harm unless Kingston is enjoined from infringing the claims of the '720 Patent.  Accordingly, Danco is entitled to temporary, preliminary, and/or permanent injunctive relief against Kingston from further infringement pursuant to 35 U.S.C. § 283.

54. Upon information and belief, Kingston's past and continued infringement of the '720 Patent has been deliberate, willful, which warrants an award of treble damages and attorneys' fees to Danco pursuant to 28 U.S.C. §§ 284 & 285.


## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Danco prays that this Court enter judgment in favor of Danco and against Kingston as follows:

A.  Entry of judgment that Kingston has directly and indirectly infringed the

**COMPLAINT
FOR PATENT INFRINGEMENT**

Civ. Action No. _____

'720 Patent pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

B.   An order that Kingston provide an accounting and pay to Danco damages in an amount adequate to compensate Danco for Kingston's infringement of the '720 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for willful infringement pursuant to 35 U.S.C. § 284;

C.   An order preliminarily and permanently enjoining Kingston and its respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with it, and all other parties properly enjoined by law, from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the claims of the '720 Patent;

D.   An order that this is an exceptional case under 35 U.S.C. § 285 meriting that Danco be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action; and,

E.   Any other relief that the Court finds legal, just and equitable, as may be available under law or equity, and which the Court finds proper.

**COMPLAINT**
**FOR PATENT INFRINGEMENT**                     Civ. Action No. _____
                                                                                              14

## DEMAND FOR TRIAL BY JURY

Danco demands trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated:  July 19, 2023                    /s/ J. Mark Holland
                                          J. Mark Holland
                                          **J. MARK HOLLAND & ASSOCIATES**

                                          Eric G. Maurer (GA Bar # 478199)
                                          *(pro hac vice forthcoming)*
                                          Cynthia J. Lee (GA Bar # 442999)
                                          *(pro hac vice forthcoming)*
                                          **THOMAS | HORSTEMEYER, LLP**
                                          *Counsel for Plaintiff Danco, Inc.*

https://d.docs.live.net/365d5d3a52bd96fc/Clients/DANCO/L4112/Pleadings/Complaint-Related/Drafts/2023-07-19_Complaint_FINAL.docx

**COMPLAINT
FOR PATENT INFRINGEMENT**                Civ. Action No. _____

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT A**

## **Danco's '720 Patent**

COMPLAINT
FOR PATENT INFRINGEMENT

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

US009051720B1

(12) **United States Patent**
    Jones et al.

(10) **Patent No.:**    **US 9,051,720 B1**
(45) **Date of Patent:**    **Jun. 9, 2015**

(54) **UNIVERSAL TRIM KIT**

(75) Inventors: **Chad Jones**, Frisco, TX (US); **Steve L. Fillipp**, Lubbock, TX (US)

(73) Assignee: **DANCO, INC.**, Irving, TX (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 1183 days.

(21) Appl. No.: **12/416,194**

(22) Filed: **Apr. 1, 2009**

(51) Int. Cl.
    *F16L 5/00*    (2006.01)
    *E03C 1/042*    (2006.01)

(52) **U.S. Cl.**
    CPC . *E03C 1/042* (2013.01); *F16L 5/00* (2013.01); *E03C 2201/50* (2013.01)

(58) **Field of Classification Search**
    CPC ......... E03C 1/042; E03C 2201/50; F16L 5/00
    USPC .............. 137/315.09–315.15, 356, 359, 360, 137/361, 269; 4/675–678, 695; 285/46, 64; 74/543, 548; 16/402
    See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,966,924 A | 1/1961 | Young | |
| 3,167,855 A * | 2/1965 | Moen | 29/890.141 |
| 3,443,266 A * | 5/1969 | Ellison et al. | 4/677 |
| 3,960,016 A * | 6/1976 | Symmons | 374/148 |
| 4,272,022 A * | 6/1981 | Evans | 239/107 |
| 4,366,866 A * | 1/1983 | Sweeney | 169/37 |

| | | | |
|---|---|---|---|
| 4,407,023 A * | 10/1983 | Norton | 285/46 |
| 4,739,596 A * | 4/1988 | Cunningham et al. | 52/220.8 |
| 4,794,945 A * | 1/1989 | Reback | 137/315.12 |
| 4,796,348 A | 1/1989 | Rosen | |
| 4,842,009 A * | 6/1989 | Reback | 137/315.15 |
| 5,161,567 A * | 11/1992 | Humpert | 137/359 |
| 5,257,645 A * | 11/1993 | Scully et al. | 137/359 |
| 5,263,510 A * | 11/1993 | Heimann et al. | 137/359 |
| 6,178,981 B1 | 1/2001 | Wales | |
| 6,283,447 B1 * | 9/2001 | Fleet | 251/288 |
| 6,378,910 B1 * | 4/2002 | Maiman | 285/46 |
| 6,422,520 B1 | 7/2002 | Hand | |
| 7,077,150 B2 | 7/2006 | McNerney | |
| 7,631,655 B1 * | 12/2009 | Kopp | 137/15.18 |
| 2002/0105186 A1 | 8/2002 | Marty et al. | |
| 2003/0192116 A1 | 10/2003 | Burger et al. | |
| 2004/0194825 A1 | 10/2004 | Kempf et al. | |

* cited by examiner

*Primary Examiner* — Kevin Murphy
(74) *Attorney, Agent, or Firm* — Ross Barnes LLP; Monty L. Ross; Robin L. Barnes

(57) **ABSTRACT**

A universal trim kit for tubs or showers and a variety of different OEM valves is disclosed that includes an escutcheon in the form of a decorative outer ring in combination with a plurality of interchangeable inserts and at least two fasteners, typically screws, for releasably attaching the escutcheon and one of the inserts to a valve body. The escutcheon further comprises a generally circular, centrally disposed aperture surrounded by an annular flange that functions as a seating surface for any of a plurality of interchangeable inserts, each insert being attachable to the outer ring and to a valve body disposed behind the ring, each insert also having a differently sized or shaped aperture configured for attachment to the body of a particular OEM valve.

**3 Claims, 3 Drawing Sheets**









**U.S. Patent**      Jun. 9, 2015      Sheet 2 of 3      US 9,051,720 B1

*FIG. 5*

*FIG. 6*



U.S. Patent          Jun. 9, 2015          Sheet 3 of 3          US 9,051,720 B1

FIG. 7

FIG. 8

FIG. 9

FIG. 10

FIG. 11

US 9,051,720 B1

**1**

## UNIVERSAL TRIM KIT

### BACKGROUND OF THE INVENTION

1. Field of the Invention

This invention relates to an escutcheon or trim kit for tub or shower handles and, more particularly, to a trim kit that uses a standard outer ring in combination with interchangeable inserts for use with different OEM valves.

2. Description of Related Art

OEM valves have various configurations that can require the use of escutcheons having a matching configuration for attachment of the escutcheon and handle.

This invention is intended for use by consumers who wish to change out their tub or shower trim but don't know the specific make or model of the associated valve. Prior patents disclosing various valve and escutcheon assemblies include, for example, U.S. Pat. Nos. 2,966,924; 4,796,348; 6,178,981; 6,442,520; 7,077,150 and United States Patent Application Publication Nos. 2002/0105186; 2003/0192116; 2004/0194825; and 2006/0196549.

### SUMMARY OF THE INVENTION

A universal trim kit for use with tubs or showers is disclosed that preferably comprises an escutcheon in the form of a decorative outer ring in combination with a plurality of interchangeable inserts and at least two fasteners, typically screws, for releasably attaching the escutcheon and one of the inserts to a valve body. The escutcheon further comprises a generally circular, centrally disposed aperture surrounded by an annular flange that functions as a seating surface for any of a plurality of interchangeable inserts, each insert being attachable to the outer ring and to a valve body disposed behind the ring, each insert also having a differently sized or shaped aperture configured for attachment to a particular OEM valve body.

According to a preferred embodiment of the invention, the inserts have an outwardly facing surface with appearance features that complement the finish of the escutcheon.

### BRIEF DESCRIPTION OF THE DRAWINGS

The apparatus of the invention is further described and explained in relation to the following drawings wherein:

FIG. 1 is a left front perspective view of an escutcheon with one insert of a preferred embodiment of the universal trim kit of the invention attached by screws, with a handle installed on the stem projecting forwardly through an aperture in the insert;

FIG. 2 is a right front perspective view of the escutcheon of FIG. 1 with the handle removed;

FIG. 3 is a front elevation view of the escutcheon and insert of FIG. 2;

FIG. 4 is a right side elevation view of the escutcheon and insert of FIG. 3;

FIG. 5 is a rear elevation view of the escutcheon and insert of FIG. 3;

FIG. 6 is a rear perspective view of the escutcheon and insert of FIG. 5;

FIG. 7 is a left front perspective view of the escutcheon of FIG. 1, with handle removed and with the insert exploded outwardly from the annular flange;

FIG. 8 is a front perspective view of another differently configured insert suitable for use in the universal trim kit of the invention;

**2**

FIG. 9 is a front perspective view of another differently configured insert suitable for use in the universal trim kit of the invention;

FIG. 10 is a front perspective view of another differently configured insert suitable for use in the universal trim kit of the invention; and

FIG. 11 is a front perspective view of another differently configured insert suitable for use in the universal trim kit of the invention;

### DESCRIPTION OF THE PREFERRED EMBODIMENTS

Referring to FIGS. 1-7, a universal trim kit 10 is disclosed that preferably comprises an escutcheon 12 suitable for installation in a tub or shower, and an interchangeable insert 14 secured to escutcheon 12 by a pair of screws 18, in combination with a plurality of other interchangeable inserts 36, 40, 42 having different hole sizes and/or configurations (visible in FIGS. 8, 10 and 11, respectively). Referring to FIGS. 1 and 7, interchangeable insert 14 is desirably seated against an annular flange 26 of escutcheon 12 and is secured to flange 26 and to a valve body disposed behind valve stem 15.

Referring to FIG. 7, escutcheon 12 is preferably an aesthetically formed metal, polymeric, or metallized polymeric ring comprising a generally circular, centrally disposed aperture 27 surrounded by an annular flange 26. Annular flange 26 desirably provides a substantially continuous seating surface for any of interchangeable inserts 14, 36, 40, 42 (as seen, for example, in FIGS. 8-11), which can be similarly made. The forwardly facing surface finishes of escutcheon 12 and inserts 14, 36, 40, 42 are desirably similar or complementary to provide an attractive appearance when installed in a tub or shower. Referring to FIGS. 5 and 6, the back side of escutcheon 12 is desirably reinforced with ribs or the like to provide strength and rigidity, and annular flange 26 can be recessed to a position that is substantially coplanar with the rear edge of the peripheral outside wall of escutcheon 12 if desired.

Referring to FIGS. 2-7, annular flange 26 preferably comprises a plurality of smaller fastener holes 28 that are cooperatively alignable with fastener holes in an interchangeable insert to receive fasteners such as screws 18 for attachment of the escutcheon 12 and insert 14 to a valve disposed behind the wall of a tub or shower in which trim kit 10 is installed. Referring to FIG. 8, for example, fastener holes 38 are provided that appear to be directly alignable with holes 28 of annular flange 26 in FIG. 7. Similarly, referring to FIG. 5, fastener holes 20 can be disposed inside bosses if desired, particularly where the fasteners inserted through holes 20 attach directly to a valve body (not visible) and where projecting tabs 54, 56, 58 and 60 on the backs of interchangeable inserts 36, 14, 40 and 42, respectively, are inserted into cooperatively positioned slots 62 (seen in FIGS. 5 and 6).

Referring to FIGS. 8-11, it is seen that each of interchangeable inserts 36, 14, 40 and 42 has a unique combination of aperture shape, aperture size and/or fastener hole position to accommodate the stem or body of a particular OEM valve. Thus, for example, centrally disposed aperture 46 of interchangeable insert 36 has a larger diameter than aperture 48 of insert 40. By comparison, interchangeable inserts 14 and 42 have apertures 22 of the same apparent diameter, but each has a keyway 24 not present in the apertures of inserts 36, 40, and inserts 14 and 42 themselves have different positioning of fastener holes 20, 52. In this way, it is possible to provide in universal trim kit 10 of the invention a single escutcheon together with a plurality of interchangeable inserts having

US 9,051,720 B1

3

sufficiently varied apertures and fastener hole configurations to accommodate the stems or bodies of any number of popularly used OEM valves.

Other alterations and modifications of the invention will likewise become apparent to those of ordinary skill in the art upon reading this specification in view of the accompanying drawings, and it is intended that the scope of the invention disclosed herein be limited only by the broadest interpretation of the appended claims to which the inventors are legally entitled.

We claim:

1. A universal trim kit for a bathtub or shower valve, the universal trim kit comprising an escutcheon and a plurality of interchangeable inserts each comprising a valve opening, wherein at least one valve opening is sized or shaped differently from at least one other valve opening, wherein at least two of the plurality of interchangeable inserts each comprises two spaced-apart first fastener holes alignable with holes on the bathtub or shower valve so that the insert may be secured to the valve,

    wherein the escutcheon comprises at least three spaced-apart escutcheon fastener holes, wherein the two spaced-apart fastener holes on a first insert are alignable with the first and second escutcheon fastener holes to form a first aligned pair of fastener holes; and

    wherein the two spaced-apart fastener holes on a second insert are alignable with the second and third escutcheon fastener holes to form a second aligned pair of fastener holes.

2. A universal trim kit for a bathtub or shower valve, the universal trim kit comprising an escutcheon and a plurality of interchangeable inserts each comprising a valve opening, wherein at least one valve opening is sized or shaped differently from at least one other valve opening, wherein at least two of the plurality of interchangeable inserts each comprises two spaced-apart first fastener holes alignable with holes on the bathtub or shower valve so that the insert may be secured to the valve, and

4

wherein the two spaced-apart first fastener holes on at least one of the interchangeable inserts are disposed in locations different from the two spaced-apart first fastener holes on at least one other interchangeable insert, so that the first fastener holes on each interchangeable insert are alignable with the holes on the bathtub or shower valve that fits with the size and shape of the valve opening in such interchangeable insert.

3. A universal trim kit for a bathtub or shower valve, the universal trim kit comprising an escutcheon and a plurality of interchangeable inserts each comprising a valve opening, wherein at least one valve opening is sized or shaped differently from at least one other valve opening, wherein at least two of the plurality of interchangeable inserts each comprises two spaced-apart first fastener holes alignable with holes on the bathtub or shower valve so that the insert may be secured to the valve,

    wherein the escutcheon comprises at least three spaced-apart escutcheon fastener holes, wherein the two spaced-apart escutcheon fastener holes on a first insert are alignable with the first and second escutcheon fastener holes to form a first aligned pair of fastener holes;

    wherein the two spaced-apart fastener holes on a second insert are alignable with the second and third escutcheon fastener holes to form a second aligned pair of fastener holes; and

    wherein the first aligned pair of fastener holes are alignable with holes on one type of bathtub or shower valve that fits with the size and shape of the valve opening on the first insert to secure the escutcheon and the first insert to the valve; and

    wherein the second aligned pair of fastener holes are alignable with holes on another type of bathtub or shower valve that fits the size and shape of the valve opening on the second insert to secure the escutcheon and insert to the valve.

\* \* \* \* \*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT B

## Preliminary Claim Chart Showing Infringement of Claim 2 of Danco's '720 Patent By An Exemplary "Shower Scape Universal Tub And Shower Trim Kit" Product for DELTA Faucets

**COMPLAINT**
**FOR PATENT INFRINGEMENT**



| Claim | '720 Patent Figure(s) | Shower Scape Model # KT698DT |
|---|---|---|
| 2. A universal trim kit for a bathtub or shower valve, | | |
| the universal trim kit comprising an escutcheon and a plurality of interchangeable inserts each comprising a valve opening, | | |
| wherein at least one valve opening is sized or shaped differently from at least one other valve opening, | | |
| wherein at least two of the plurality of interchangeable inserts each comprises two spaced-apart first fastener holes alignable with holes on the bathtub or shower valve so that the insert may be secured to the valve, and | | |



wherein the two spaced-apart first fastener holes on at least one of the interchangeable inserts are disposed in locations different from the two spaced-apart first fastener holes on at least one other interchangeable insert, so that the first fastener holes on each interchangeable insert are alignable with the holes on the bathtub or shower valve that fits with the size and shape of the valve opening in such interchangeable insert.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT C

## Preliminary Claim Chart Showing Infringement of Claim 2 of Danco's '720 Patent By An Exemplary "Shower Scape Universal Tub And Shower Trim Kit" Product for MOEN Faucets

**COMPLAINT**
**FOR PATENT INFRINGEMENT**

EXHIBIT C
26

| Claim | '720 Patent Figure(s) | Shower Scape Model #KT698MT |
|---|---|---|
| 2. A universal trim kit for a bathtub or shower valve, | FIG. 1  |  |
| the universal trim kit comprising an escutcheon and a plurality of interchangeable inserts each comprising a valve opening, | FIG. 7  FIG. 8 FIG. 9 FIG. 10 FIG. 11 |  escutcheon inserts |
| wherein at least one valve opening is sized or shaped differently from at least one other valve opening, | FIG. 8 FIG. 10  |  D1 - Faceplate Insert  D2 - Faceplate Insert different size openings |

wherein at least two of the plurality of interchangeable inserts each comprises two spaced-apart first fastener holes alignable with holes on the bathtub or shower valve so that the insert may be secured to the valve, and



wherein the two spaced-apart first fastener holes on at least one of the interchangeable inserts are disposed in locations different from the two spaced-apart first fastener holes on at least one other interchangeable insert, so that the first fastener holes on each interchangeable insert are alignable with the holes on the bathtub or shower valve that fits with the size and shape of the valve opening in such interchangeable insert.



*FIG. 8*



*FIG. 10*



D1 - Faceplate Insert

D2 - Faceplate Insert